UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| 5810 SCATTERFIELD ROAD, LP, <br> *A Nevada Limited Partnership,* <br><br> Plaintiff, <br><br> vs. <br><br> MOTEL 6 OPERATING, L.P., <br> *A Texas Limited Partnership,* <br><br> Defendant. | No. 1:14-cv-00327-RLY-DML |

# Order on Motion to Stay (Dkt. 15)

Plaintiff 5810 Scatterfield Road, LP ("5810") originally filed this action in the Madison Circuit Court against Motel 6 Operating L.P. ("Motel 6"). 5810, the owner of commercial real estate in Madison County,[1] alleges that Motel 6, its lessee, has breached the lease by failing to maintain the property in the condition required by the lease and by refusing 5810 access to the property so it could perform the work necessary to bring the property to the condition required by the lease.

Along with the filing of the complaint, 5810 filed a motion for preliminary determination of possession under Ind. Code § 32-30-3-1 *et seq.*, and the Madison Circuit Court set that motion for hearing.

Before the scheduled hearing, Motel 6 removed the case to this court on the basis of the parties' diversity of citizenship. 5810 then requested this court to set its

---

[1] Motel 6 challenges 5810's standing to seek relief.

motion for preliminary determination of possession for an expedited hearing.  The court did so, and following two continuances, now has the hearing set for July 10, 2014, and, if necessary, July 15, 2014.

Motel 6 filed a motion to stay the expedited hearing (Dkt. 15) for two reasons.  First, it maintains that 5810 lacks standing to seek relief in this case.  The parties have briefed the standing issue and have also advised the court that they have additional relevant facts to present on the standing issue.  The court DENIES IN PART the motion to stay to the extent it seeks a determination of standing in advance of the hearing.  The court will hear any further evidence and argument on the standing issue at the scheduled hearing.  The second basis for Motel 6's motion to stay is to give the parties the opportunity to brief and obtain a ruling on the law that will apply to 5810's motion for preliminary determination of possession.  The motion is GRANTED IN PART to the extent that the court has in fact delayed the hearing to permit the briefing and the decision that follows.

The substantive question presented by the second ground for Motel 6's motion to stay is whether the standard established by Ind. Code § 32-30-3-1 *et seq.* (which the court will refer to simply as "the Indiana statute") will govern the court's determination of 5810's right to preliminary possession or whether, as Motel 6 urges, 5810 must establish the right to preliminary injunctive relief under the four-factor balancing test generally employed under Fed. R. Civ. P. 65.  The parties

maintain that the resolution of that issue will affect the scope of evidence for the hearing and the court's analysis of that evidence.[2]

Having carefully considered the parties' arguments and authorities, the court concludes that it will apply the Indiana statute in determining 5810's right to preliminary possession. The parties have argued their respective positions within the framework of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), but the court finds as a threshold matter that the problem addressed by *Erie* and its progeny is not presented here. Moreover, an analysis within the *Erie* framework would nevertheless yield the conclusion that the Indiana statute should apply. Finally, and importantly, the Indiana statute permits the court to consider a broad spectrum of evidence in making its determination of preliminary possession and is thus not markedly different from the general preliminary injunction standard.

A.  **The state law and federal law are not in conflict.**

The parties' positions are based on the assumption that federal law, specifically Fed. R. Civ. P. 65, would supply a different standard for preliminary relief than the Indiana statute, thus implicating the need to determine whether the Indiana statute is procedural (and would therefore give way to Rule 65) or whether it is substantive (and would therefore be applied in lieu of the standard that prevails under Rule 65). That assumption is incorrect.[3]

---

[2]  But counsel should note, as explained in section C below, that the court does not wholly embrace that view.

[3]  And it is too simplistic a description of the *Erie* principle. *See, e.g., Guaranty Trust Co. of New York v. York,* 326 U.S. 99 (1945).

Federal Rule of Civil Procedure 65 has these requirements for a preliminary injunction: notice (subsection (a)(1)), a hearing (subsection (a)(2)), and security (subsection c). The balancing test to which the parties refer (likelihood of success on the merits, irreparable harm, balance of equities, public interest) is not part of the *federal rule*; it is a standard applied by federal courts (and state courts for that matter) in *most* preliminary relief contexts. But the federal courts have recognized that the applicable standard to apply to requests for preliminary relief may be altered when a statute supplies a different standard.

The United States Supreme Court has expressly recognized this principle in *Mac's Shell Service, Inc. v. Shell Oil Products Co. LLC,* 559 U.S. 175, 193 n. 12 (2010) (a statute can substantially relax the normal standard for obtaining preliminary-injunctive relief). *See also eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391-93 (2006) (acknowledging the possibility that a statute may alter the general preliminary injunction standard but ultimately determining that the statutory standard at issue there was not different). A Ninth Circuit decision also illustrates the principle that the generally applied preliminary injunction standard may give way to a more relaxed standard supplied by statute. *See MHC, Inc. v. Oregon Dept. of Revenue*, 66 F.3d 1082, 1086-87 (9th Cir. 1995). Indeed this court, though not expressly addressing the principle, has grafted the standard supplied by the Indiana statute onto the preliminary relief inquiry. *Kinko's Graphics Corp. v. Townsend,* 803 F.Supp. 1450 (S.D. Ind. 1992).

In briefing this issue, the parties have pitted the general standard for obtaining a preliminary injunction in federal court against the standard accompanying the Indiana statute and have identified a conflict requiring *Erie* analysis. But because the court finds no *Erie* conflict, the standard set out in the Indiana statute should inform the court's determination of the preliminary possession issue.

## B. An *Erie* analysis would yield the same conclusion.

In *Hanna v. Plumer*, 380 U.S. 460 (1965), the Supreme Court further refined and explained the rationale and application of the *Erie* principle. *Hanna* is particularly instructive here because it addressed the application of a Federal Rule of Civil Procedure in light of a conflicting state law.

As a preliminary matter, *Hanna* explains that when the question is the applicability of a Federal Rule of Civil Procedure, it is not the *Erie* test, but rather the Rules Enabling Act that governs.[4] *Hanna* involved a clear conflict between the provisions of a federal rule (Rule 4(d)(1)) and state law. But as explained in the preceding section, Rule 65 does not include any language that would create a conflict with the Indiana statute, so this court will move to the primary considerations *Hanna* directs the lower courts to apply in the *Erie* analysis.

First, the Court explained that the *Erie* rule "is rooted in part in a realization that it would be unfair for the character or result of a litigation materially to differ because the suit had been brought in a federal court." *Id.* at 467. If the court

---

[4] Under that test, state law must yield to the Federal Rule of Civil Procedure in most circumstances.

assumes for a moment—as the parties do—that preliminary possession will be significantly more difficult for 5810 to obtain if the Indiana statute does not apply, then the fact that this case is now pending in federal court will alter the "character or result" of the litigation.

Second, *Hanna* directs courts to consider whether the failure to apply state law would influence choice of forum. *Id.* Would the choice of an owner of property in Indiana to file in federal court or for a tenant defendant to remove the case to federal court be influenced by federal courts' rejection of the preliminary possession remedy afforded by the Indiana statute? This court thinks that is very likely.

For these reasons, the court finds that refusal to apply the Indiana statute would be inimical to the principles of *Erie* and its progeny.

C.  **The Indiana statute permits a broad scope of inquiry by the court at the preliminary possession hearing.**

All this said, the court cautions the parties that it would be a mistake to assume that the preliminary possession standard supplied by the Indiana statute is wholly different from the generally applicable standard for preliminary injunctive relief or is, in Motel 6's estimation, "flimsy." (*See* Dkt. 15 at 6.) First, the statute permits the tenant "to show cause" why it should not be removed from the property. And as the Indiana Supreme Court has recently emphasized, the tenant may assert as a defense "'any state of facts which would invoke the aid of equity for relief against the claim.'" *Morton v. Ivacic*, 898 N.E.2d 1196, 1200 (Ind. 2008) (quoting *Olds v. Hitzemann*, 220 Ind. 300, 42 N.E. 35 (1942)).

6

Second, in light of the issues presented by the claims of breach in this case, the "reasonable probability" of entitlement to possession inquiry will likely implicate a broad range of evidence and considerations.

## Conclusion

The motion to stay (Dkt. 15) is DENIED IN PART AND GRANTED IN PART as provided in the discussion above. The court will apply Ind. Code § 32-30-3-1 *et seq.* in determining the question of preliminary possession.

So ORDERED.

Date: 06/27/2014

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system